OPINION
Defendant-appellant Curtis Cooper appeals from his conviction and sentence, following a no contest plea, upon one count of Possession of Crack Cocaine. Cooper contends that the trial court erred by denying his motion to suppress. He contends that evidence was obtained as the result of an unlawful stop. In support of his contention, he argues that the actions of a police officer in stopping him for committing a traffic violation were pretextual.
We conclude that the fact that the officer's proffered reason for having made this stop may have been pretextual is immaterial, as long as the police officer actually observed the traffic violation. Furthermore, we conclude that the evidence was obtained as the result of an arrest pursuant to an outstanding warrant, which did not in any way depend upon the allegedly unlawful stop. Accordingly, the judgment of the trial court isAffirmed.
 I
We adopt the statement of facts from Cooper's brief, as follows:
 On or about November 2, 1998 at approximately 1:30 a.m., Defendant-Appellant was traveling west on Hall Street. When Officer Kinstle saw that Defendant-Appellant was leaving the area of a known "crackhouse," Officer Kinstle began to follow Defendant-Appellant. At the intersection of Hall and N. Keowee Streets, Defendant-Appellant made a left turn onto N. Keowee Street. After completely stopping at a stop sign, Defendant-Appellant safely made this turn without signaling. Later, Defendant-Appellant, with a green light, made a right turn on to the offset portion of Hall Street without signaling such turn. Both turns were performed safely and without any other noticeable traffic on the street. From his position on Hall, Defendant-Appellant proceeded onto the entrance ramp for Interstate 75. Although Officer Kinstle does not typically stop someone for failing to use a turn signal when there is little or no traffic around, Officer Kinstle activated his lights and attempted to pull Defendant-Appellant over once Defendant-Appellant had reached the top of the entrance ramp.
 According to Officer Kinstle, Defendant-Appellant did not stop immediately but traveled about a quarter of a mile, straddling the emergency lane. Once Defendant-Appellant had stopped, Officer Kinstle activated his take-down lights which illuminated Defendant-Appellant's vehicle. At such time, Officer Kinstle noticed that Defendant-Appellant was leaning over toward the passenger seat of the vehicle for about 10 seconds. As a result of such movement, Officer Kinstle called for back-up. Officer Toplin responded to the call and arrived on the scene within a minute.
 Due to Defendant-Appellant's position on the expressway, the officers approached on the passenger side of the car. When the officers questioned him about why it took so long for him to pull over, Defendant-Appellant stated that he wanted to find a safe place to park. Although Defendant-Appellant did not have any identification at the time, he gave the officers his personal information. When the officers "ran" his personal information through the KDT, they discovered that Defendant-Appellant did not have driving privileges. Additionally, an active and valid capias had been issued for Defendant-Appellant's arrest according to the KDT report. Without Mirandizing Defendant-Appellant or informing him for what he is being arrested, the officers removed him from the vehicle, cuffed him and placed him in the back of the police cruiser.
 Pursuant to standard police procedure, the officers were required to tow Defendant-Appellant's vehicle off the interstate and to conduct an inventory of the contents of the vehicle before towing it. During the standard inventory search, the officers discovered a plastic bag under the passenger seat which contained a substance suspected to be crack. After the inventory was completed and the data logged on the KDT, the officers Mirandized Defendant-Appellant.
Cooper was indicted for Possession of Crack Cocaine. He moved to suppress evidence, contending that evidence was obtained as the result of an unlawful search and seizure. Following a hearing, the trial court denied his motion to suppress. Thereafter, Cooper pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Cooper appeals.
 II
Cooper's sole assignment of error is as follows:
 THE TRIAL COURT ERRED, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION, WHEN IT OVERTURNED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS FOR THE REASONS STATED HEREIN.
In support of his assignment of error, Cooper does not dispute that he violated R.C. 4511.39, which provides that no person shall make a right or left turn "unless and until such person has exercised due care to ascertain that the movement could be made with reasonable safety nor without giving an appropriatesignal." (Emphasis added.) Cooper bases his argument that evidence was obtained as the result of an unlawful search and seizure upon the ground that Officer Kinstle's reliance upon the violations of R.C. 4511.39 as a ground for stopping him was pretextual. Cooper makes a compelling argument for the proposition that Kinstle's decision to stop him was only pretextually based upon his violation of the traffic laws. However, as the State points out, this argument is no longer available to criminal defendants seeking to suppress evidence. InWhren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769,135 L.Ed.2d 89, and Dayton v. Erickson (1996), 76 Ohio St.3d 3,665 N.E.2d 1091, the United States Supreme Court and the Ohio Supreme Court, respectively, have held that an officer who has probable cause to believe that a traffic violation has occurred may effect a warrantless stop of an automobile, regardless of the fact that the officer's actual motivation for making the stop is based on a suspicion, not rising to probable cause, that the defendant may have been involved in other criminal activity.
Additionally, as the State points out, this court has held that the fact that the initial stop of a defendant may have been unlawful is immaterial when evidence is obtained as the result of the subsequent arrest of that individual pursuant to an outstanding warrant that does not depend upon the unlawful stop.State v. Pierson (June 5, 1998), Montgomery App. No. 16440, unreported; State v. Meyers (May 31, 1995), Montgomery App. No. 14856, unreported, discretionary appeal not allowed, 74 Ohio St.3d 14,665 N.E.2d 738; Dayton v. Click (Oct. 5, 1994), Montgomery App. 14328, unreported, discretionary appeal not allowed (1995),71 Ohio St.3d 1477, 645 N.E.2d 1257.
We explained in Click, supra, that:
 In the case before us the officers' warrantless stop of Robert Click appears to have been unreasonable by Terry standards. However, at the time of the stop Click had no reasonable expectation of privacy in his vehicle because Click knew that there were outstanding warrants for his arrest.
 We see no violation of either Click's privacy rights or the principles behind the exclusionary rule simply because the officers were not aware of their duty to arrest Click until approximately twenty minutes after the stop.
We would only add to the rationale expressed in Click, supra, that where evidence is obtained as the result of an arrest made pursuant to an outstanding warrant, and the warrant does not depend, for its validity, upon any information obtained as the result of an unlawful stop, it cannot be said that the evidence was obtained as the result of the unlawful stop. To the contrary, the evidence was obtained as the result of an arrest lawfully made pursuant to a warrant.
Cooper's sole assignment of error is overruled.
 III
Cooper's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and YOUNG, JJ., concur.